McGREGOR W. SCOTT
United States Attorney
BENJAMIN B. WAGNER
COURTNEY J. LINN
Assistant U.S. Attorneys
501 "I" Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2745

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:07-CR-0048 WBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | APPLICATION FOR ORDER |
| | ) | REGARDING CRIMINAL FORFEITURE |
| ALEKSEY CHUGAEV, | ) | OF PROPERTY IN GOVERNMENT |
| ROMAN KARELOV, | ) | CUSTODY - 18 U.S.C. § |
| RADIK E. NIZAMOV, and | ) | 983(a)(3)(B)(ii)(II) |
| OLEG V. UMAROV | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The United States of America, through its counsel, hereby moves for an order allowing the government to maintain custody of property already in the government's possession pending the resolution of a criminal forfeiture matter.  The grounds for the motion are as follows:

On or about April 13, 2007, agents with the Federal Bureau of Investigation executed a Federal search warrant at 9 Purple Plum Court, Baltimore, Maryland.  The agents seized the following during the execution of the search warrant:

a).  Approximately $11,050.00 in U.S. Currency seized at the
     residence of ROMAN KARELOV at 9 Purple Plum Court,
     Baltimore County, Maryland; and

b).  Approximately $1,552.00 in U.S. Currency seized at the

residence of OLEG V. UMAROV at 9 Purple Plum Court, Baltimore County, Maryland.

Hereinafter, the above-referenced assets are collectively referred to as the "seized assets".

On April 26, 2007, the Grand Jury returned a Superseding Indictment containing a forfeiture allegation that includes the above-described assets.  The Superceding Indictment alleges that the above-described assets are subject to forfeiture pursuant to 18 U.S.C. § 981, a civil forfeiture statute made applicable in criminal forfeiture matters pursuant to 28 U.S.C. § 2461(c).

Section 2461(c) provides that the court shall utilize the criminal forfeiture procedures set forth in 21 U.S.C. § 853. That statute provides several methods for preserving property for the purpose of criminal forfeiture.  One such provision authorizes a court upon the filing of an indictment charging an offense for which forfeiture may be ordered and alleging that specific property would, in the event of conviction, be subject to forfeiture to "take any other action to preserve the availability" of such property.  *See* 21 U.S.C. § 853(e)(1)(A). Such restraining orders may be entered ex parte.  And, in entering the order, the Court may rely on the grand jury's return of an indictment specifying that the property shall, upon conviction, be subject to forfeiture to the United States.  *See, e.g., United States v. Jamieson*, 427 F.3d 394, 405-06 (6th Cir. 2005) (initial issuance of restraining order under Section 853(e)(1)(A) may be ex parte and based on grand jury's finding of probable cause).

The government contends here that the "take any other action

2

1  to preserve the availability" of property provision of Section
2  853(e)(1)(A) applies in circumstances where, as here, the
3  government has already obtained lawful custody of the assets
4  pursuant to a Federal search warrant, and the government seeks to
5  continue to maintain custody of such assets pending further
6  criminal forfeiture proceedings.  Accordingly, pursuant to
7  Section 853(e)(1)(A) of Title 21, the United States respectfully
8  moves this court to issue an ex parte order based on the grand
9  jury's finding of probable cause that directs the United States
10 may maintain custody of the seized assets through the conclusion
11 of the pending criminal case.

12 DATED: _6/27/07_              McGREGOR W. SCOTT
                               United States Attorney
13

14                             /s/ Courtney J. Linn
                               COURTNEY J. LINN
15                             Assistant U.S. Attorney

16

17                                 **ORDER**

18     This matter comes before the Court on the motion of the
19 United States for an Order authorizing the government and its
20 agencies to maintain custody of certain property pending the
21 conclusion of the pending criminal case.  For the reasons
22 provided in the government's motion, the Court makes the
23 following orders:

24     IT IS HEREBY ORDERED, that the United States and its
25 agencies, including the FBI and/or the U.S. Marshals Service, are
26 authorized to maintain and preserve the following assets until
27 the conclusion of the instant criminal case, or pending further
28 Order of this Court:

1      a).  Approximately $11,050.00 in U.S. Currency seized at the
2            residence of ROMAN KARELOV at 9 Purple Plum Court,
            Baltimore County, Maryland; and

3      b).  Approximately $1,552.00 in U.S. Currency seized at the
4            residence of OLEG V. UMAROV at 9 Purple Plum Court,
            Baltimore County, Maryland.

5      IT IS SO ORDERED.

6 DATED:  June 29, 2007

7

8              WILLIAM B. SHUBB
              UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4